IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., | ) Case No. 10-4589 SC |
| Plaintiffs, | ) ORDER GRANTING IN PART AND ) DENYING IN PART PLAINTIFFS' |
| v. | ) MOTION FOR DEFAULT JUDGMENT |
| A BETTER SACRAMENTO VALLEY CRANE SERVICE, and TIMOTHY GARY BALIEL, | ) ) |
| Defendants. | ) |

## I. INTRODUCTION

Before the Court is an unopposed Motion for Default Judgment by Plaintiffs Gil Crosthwaite, et al. ("Plaintiffs"). ECF No. 12 ("Mot."). For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion.

## II. BACKGROUND

Plaintiffs allege to be employee benefit plans, as defined by section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), and their fiduciaries. ECF No. 1 ("Compl."). Plaintiffs assert that Defendant A Better Sacramento Valley Crane Service ("Crane") is an employer under ERISA § 3(5), and that Defendant Timothy Gary Baliel ("Baliel") (collectively, "Defendants") is the guarantor of Plaintiffs' benefit claim and a principal shareholder of Crane. Id.

On October 12, 2010, Plaintiffs commenced this action to compel to submit to an audit pursuant to a bargaining agreement and ERISA § 502(g)(2)(A). Id. Plaintiffs allege that they have made several written demands on Defendants to schedule an audit and provide records for examination pursuant to the collective bargaining agreement, but that Defendants have refused to provide the necessary records. Id.

Defendants failed to file a timely answer to the Complaint, and on November 30, 2010, the Clerk of the Court entered default as to both Defendants. ECF No. 7. On February 18, 2011, Plaintiffs filed the current Motion. In it and the Proposed Order filed with it, Plaintiffs seek a judgment ordering Defendants to produce all payroll registers and time cards for the period from January 1, 2007 through June 30, 2010, as well as quarterly tax reports for 2007-10. ECF No. 16 ("Pls.' Prop. Order"). Plaintiffs also seek $4,326 in attorneys' fees and costs and "any contributions due and owing and under the terms of the Collective Bargaining Agreement and Trust Agreements . . . pursuant to the completed audit," or, in the alternative, liquidated damages. Id.

Defendants did not file an opposition. Rather, on April 14, 2011, more than four months after it was due, Baliel, acting pro se, filed an Answer. ECF No. 22 ("Answer"). In this document, Baliel purports to answer for both himself and on behalf of Crane. Id. Baliel affirms that Crane is an employer under ERISA and that Baliel is Plaintiffs' guarantor, but alleges that Defendants have "supplied all required documents as requested by auditor." Id. ¶¶

2

3, 11, 14-18. [1]

### III. LEGAL STANDARD

After entry of a default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors. As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

---

[1] Plaintiffs ask the Court to strike Baliel's Answer as untimely and in violation of this district's Civil Local Rules. ECF No. 23 ("Pls.' Resp.") ¶ 7. A defendant must serve its answer within twenty-one days of service of the summons and complaint. Fed. R. Civ. P. 12(a). Under Civil Local Rule 3-9(b), "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Baliel's Answer was filed more than four months late, long after a default had been entered, and without leave of the Court. Furthermore, because Baliel is not a member of the bar of this Court, the Answer is inoperative as to Crane. As such, the Court STRIKES the Answer.

**IV. DISCUSSION**

    **A. Service of Process**

Federal Rule of Civil Procedure 4(e) provides: "[A]n individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(3). Under Rule 4(h), a corporation, partnership, or other unincorporated association may be served by delivering a copy of the summons and of the complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Here, the process server declares that the summons was personally served on Baliel on October 29, 2010. ECF No. 5 ("Proof of Service"). In addition, he declares that Baliel was designated by law to accept service on behalf of Crane. Id. The process server does not state under which law Baliel was so designated, and so it is unclear whether Plaintiffs were required by law to mail the summons. However, Baliel's attempted filing of his Answer and the papers submitted in support of Plaintiffs' Motion make it clear that Baliel and Crane had notice of this action. As such, the Court finds service of process on Crane and Baliel to be adequate.

    **B. Default Judgment**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount

4

of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Therefore, the Court accepts as true the facts as presented in the Complaint: that under ERISA, Plaintiffs are employee benefit plans, Crane is an employer, and Baliel is Plaintiffs' guarantor, and that Defendants have refused to provide Plaintiffs with documents necessary to determine if contributions are due under the bargaining agreement.

In light of the facts pleaded, the Court finds that the Eitel factors favor default judgment. Plaintiffs would suffer prejudice if the Court denied the Motion, as they would lack a mechanism for determining what they are owed under the benefit plan. The Court also finds the merits of Plaintiffs' substantive claim to be strong. See Plumber, Steamfitter and Shipfitter Indus. Pension Plan and Trust v. Siemens Bldg. Tech. Inc., 228 F.3d 964, 964 (9th Cir. 2000) (affirming district court's entry of judgment for ERISA plaintiffs who commenced action to compel audit of employer).

For these reasons, the Court ORDERS Defendants Crane and Baliel to provide the following documents to Plaintiffs within thirty (30) days of the date of this Order, for the purpose of completing an audit of Defendants' records for the period of January 1, 2007 through June 30, 2010:

1. All payroll registers covering the period January 1, 2007 through June 30, 2010.
2. All time cards covering the period January 1, 2007 through June 30, 2010.
3. Quarterly Tax Reports: Form DE-6 for 2007, 2008, 2009 and the First and Second Quarters of 2010.

5

### C. Attorneys' Fees, Costs, and Contributions Due

Plaintiffs seek $4,326 in attorneys' fees and costs. See Prop. Order. Plaintiffs submit no evidence to support this amount. Therefore, the Court DENIES this portion of Plaintiffs' Motion. Should Plaintiffs opt to pursue attorneys' fees and costs, they must file a declaration accounting for the requested attorney fees and costs within fourteen (14) days of this Order. Upon receipt and consideration of this declaration, the Court will enter judgment in an appropriate amount in favor of Plaintiff and against Defendant.

Plaintiffs also seek "any contributions due and owing and under the terms of the Collective Bargaining Agreement and Trust Agreements . . . pursuant to the completed audit," or, in the alternative, liquidated damages. See Prop. Order. This request is premature. Plaintiffs do not allege, at this time, that Defendants have failed to make required contributions; rather, they allege that an audit is needed to determine if Defendants did so fail. As such, the Court DENIES this portion of Plaintiffs' Motion.

### V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is GRANTED IN PART and DENIED IN PART. The Court ORDERS as follows:

1. Within thirty (30) days of this Order, Defendants A Better Sacramento Valley Crane Service (also known as A Better Valley Crane, LLC; A Better Valley Crane, Inc.; and A Better Sac Valley Crane) and Timothy Gary Baliel shall provide the following documents to Plaintiffs Gil Crosthwaite, et al.: (1) all payroll

registers covering the period January 1, 2007 through June 30, 2010; (2) all time cards covering the period January 1, 2007 through June 30, 2010; and (3) Quarterly Tax Reports: Form DE-6 for 2007, 2008, 2009 and the First and Second Quarters of 2010.

2.   Should Plaintiffs seek to recover attorneys' fees and costs, they must file a declaration providing a detailed accounting for the requested attorney fees and costs within fourteen (14) days of this Order.  Upon receipt and consideration of these materials, the Court will enter judgment in an appropriate amount in favor of Plaintiffs and against Defendants.

3.   Plaintiffs' request for an award of "any contributions due and owing" under the Plan is DENIED as premature.

IT IS SO ORDERED.

Dated: May 5, 2011



UNITED STATES DISTRICT JUDGE

7